IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **VERONICA LYON,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**CAPITAL ONE BANK,**<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**DEFENDANT CAPITAL ONE<br>BANK'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1334, 1441, 1446 and 1452, Defendant Capital One Bank, by and through its counsel, hereby removes this action to the United States District Court for the Southern District of Iowa, which is the federal in which this action is currently pending.

As grounds for removal, Defendant states as follows:

1.     Plaintiff Veronica Lyon commenced a civil action in the Iowa District Court for Story County, Small Claims Division, on May 29, 2008, styled *Veronica Lyon v. Capital One*, Case No. SCSC 045149 (the "Complaint"). The Complaint alleges (i) that Plaintiff filed a Chapter 7 bankruptcy petition in the Southern District of Iowa on April 12, 2007, (ii) that a debt she owed to the Defendant was discharged in that case on August 28, 2007, and (iii) that since the discharge Defendant has continued to try and collect such debt. Complaint ¶¶ 1-4. Based solely on those allegations, Plaintiff contends that Defendant violated Iowa Code §§ 537.7103(1)(f) and (4)(e) and is liable for damages thereunder. *Id.* ¶¶ 5-7.[1]

---

[1]     Section 537.7103(1)(f) reads: "A debt collector shall not collect or attempt to collect a debt by means of an illegal threat, coercion or attempt to coerce. The conduct described in each of the following paragraphs is an illegal threat, coercion or attempt to coerce within the meaning of this subsection: . . . (f) An action or threat to take an action prohibited by this chapter or any other law."

2.      The United States Bankruptcy Code, at 11 U.S.C. § 524, contains a discharge injunction that prohibits creditors from attempting to collect on a debt that has been discharged in a bankruptcy proceeding.  Moreover, the Bankruptcy Code preempts all state law causes of action (like Iowa Code §§ 537.7103(1)(f) and (4)(e)) premised on violations of a discharge injunction. *Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 447-48 (1st Cir. 2000); *In re Johnston*, 362 B.R. 730, 739 (Bankr. N.D. W.Va. 2007) (holding that state law claims based on efforts to collect a debt discharged in bankruptcy are preempted by the Bankruptcy Code); *see also Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) ("a suit for violating section 524(c) can be brought only as a contempt action under section 524(a)(2)"); *In Re Bassett*, 255 B.R. 747, 759 (B.A.P. 9th Cir. 2000) ("We hold that the federal statutory scheme entailed in the Bankruptcy Code is so pervasive with respect to [§ 524(c)] that Congress intended to occupy the field to the exclusion of state law'), *aff'd in relevant part*, 285 F.3d 882 (9th Cir. 2002); *Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38, 46 (E.D. Cal. 2000) ("[W]ithout proof of defendant's violation of the automatic stay and/or discharge injunction provisions, plaintiff's claims would fail. Accordingly, counts 7 through 10 are preempted by the Bankruptcy Code. . ."), *aff'd on other grounds*, 276 F.3d 502 (9th Cir. 2002).

3.      This case is removable under 28 U.S.C. §§ 1334(b), 1441, 1446, and 1452.  For example, § 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 1441(a) states that "any civil action brought in a State court of which the district courts

---

Similarly, § 537.7103(4)(e) reads:  "A debt collector shall not use a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning debtors. This following conduct is fraudulent, deceptive, or misleading within the meaning of this subsection. . . . (e) An intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding."

of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." As noted, Plaintiff's only claim arises under title 11, a federal statute, and accordingly removal is proper.

4.      This notice of removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027.

5.      True and correct copies of all process and pleadings filed in this action are attached to Defendant's Rule 81.1 List on Removal and are incorporated herein by reference.

6.      Upon filing this notice of removal, Defendant has also caused copies of the Notice to be filed with the Clerk of the Iowa District Court in and for Story County, Iowa.

Respectfully submitted,

/s/ James R. Wainwright
James R. Wainwright (AT 0008236)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: jwainwright@ahlerslaw.com

and

Miles B. Haberer
Texas Bar No. 00793872
Jarrett L. Hale
Texas Bar No. 24046005. . .
Hunton & Williams LLP
Fountain Place
1445 Ross Avenue
Suite 3700
Dallas, Texas 75202
(214) 979-3000
(214) 880-0011 Fax

**ATTORNEYS FOR DEFENDANT CAPITAL ONE BANK**

Original electronically filed.
Copy to:

Jonathan A. Coy
Thornton & Coy Law Office, PLC
218 SE 16th Street, Suite 102
Ames, Iowa 50010
**Attorney for Plaintiff**

<div style="border:1px solid">

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on July 3, 2008.

By    ☐ U.S. Mail          ☐ Fax

       ☐ Hand Delivery      ☐ Private Carrier

       X Electronically through CM-ECF

Signature    /s/ Anne Stokely

</div>

ASTOKELY/ 585063.1 /MSWord22286007