**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **VERONICA LYON,** | § | CIVIL ACTION NO. 4:08-cv-00266 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **DEFENDANT CAPITAL ONE BANK'S** |
| | § | **BRIEF IN SUPPORT OF ITS MOTION** |
| **CAPITAL ONE BANK/** | § | **FOR JUDGMENT ON THE PLEADINGS** |
| **CAPITAL ONE N.A.,** | § | **UNDER FED. R. CIV. P. 12(c)** |
| | § | |
| Defendant. | § | |

Capital One Bank (USA), N.A.[1] ("Capital One") hereby submits its brief in support of its motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), and shows the Court as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

On April 12, 2007, the Plaintiff, Veronica Lyon, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Iowa. About four and a half months later, on August 28, 2007, the Bankruptcy Court entered a discharge order under 11 U.S.C. § 524. This lawsuit was initiated on or about May 29, 2008, when Ms. Lyon filed her *Action for Money Judgment* (the "Complaint") in the Iowa District Court for Story County. Shortly thereafter, Capital One timely-removed that case to this Court.

According to her Complaint, Ms. Lyon, in her bankruptcy case, scheduled and obtained a discharge of a debt she owed to Capital One. Complaint ¶¶ 1-2. Notwithstanding that discharge, Ms. Lyon contends that Capital One continued to report her debt to "a Credit Reporting Agency"

---

[1] While the consumer credit card account at issue (the "Account") originated with Capital One Bank, on March 1, 2008, Capital One Bank converted to Capital One Bank (USA), N.A., a national banking association organized under federal law, and Capital One Bank ceased to exist as a legal entity. The assets of Capital One Bank, including the Account, now are owned by Capital One Bank (USA), N.A.

as "past due." *Id.* ¶¶ 2-4.  Based solely on that reporting, Ms. Lyon contends that Capital One violated the "discharge injunction" in 11 U.S.C. § 524(a) of the United States Bankruptcy Code,[2] which in turn constitutes a violation of the Iowa Consumer Protection Act, specifically, Iowa Code §§ 537.7103(1)(f) and (4)(e).  *Id*. ¶¶ 3-4.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  *See Abbott Labs. v. Nutra Max Prods., Inc*., 844 F. Supp. 443 (N.D. Ill. 1994); *Constitution Bank v. DiMarco,* 815 F. Supp. 154 (E.D. Pa. 1993); *Johnson v. Dodson Pub. Sch., Dist. No. 2-A(C)*, 463 F. Supp. 2d 1151 (D. Mont. 2006); *U.S. E.E.O.C. v. Bojangles Rests., Inc*., 284 F. Supp. 2d 320 (M.D.N.C. 2003); *Borough of Sayreville v. Union Carbide Corp*., 923 F. Supp. 671 (D.N.J. 1996).  In fact, even an untimely motion to dismiss may be restyled as a motion for judgment on the pleadings applying the same standards.  *See Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp*., 833 F. Supp. 857 (W.D. La. 1988).

A court should dismiss a complaint if, assuming the allegations therein to be true, it fails to incorporate factual allegations sufficient to raise a right to relief above the speculative level, or when the facts recited therein fail to create more than the mere suspicion of a legally cognizable

---

[2]    In pertinent part, § 524 provides:

> A discharge in a case under this title - . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(2).

right.  *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1965 (2007).  Simply stated, the complaint must do more than allege possible facts based on the suspicion that a possible right to relief could result.  *Id*.  When deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings, courts must limit their inquiry to the facts stated in the challenged pleading and the documents attached to it or incorporated by reference in it.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practices & Procedures* § 1327, at 762-63 (2d ed. 1990).

### SUMMARY OF THE ARGUMENT

Capital One is entitled to judgment under Rule 12(c) of the Federal Rules of Civil Procedure for three reasons.  First, Ms. Lyon's claims are preempted by the United States Bankruptcy Code.  Accordingly, her claims under the Iowa Consumer Protection Act fail as a matter of law.  Alternatively, Capital One is entitled to a judgment because there is no private right of action for violations of the discharge injunction in 11 U.S.C. § 524; instead, her exclusive remedy is a motion for contempt in the Bankruptcy Court, which she has yet to do.  Third (and notwithstanding reasons one and two), the information reported by Capital One was, and is, accurate information and, as a matter of law, does not violate a discharge injunction.[3]  In fact, bankruptcy law is clear that a discharge does not remove the debt, only the legal right to undertake its collection.  The validity of the debt remains unchanged, and therefore its reporting as overdue or "past due" at the time of the bankruptcy filing and thereafter is not only accurate, it is consistent with bankruptcy law.

---

[3]   Capital One denies reporting the debt as "past due" but assumes, as it must, that the facts in the Complaint are true for purposes of this motion.

## ARGUMENTS AND CITATION TO AUTHORITIES

**A.    Ms. Lyon's claims are preempted in their entirety by the Bankruptcy Code.**

Article I, Section 8 of the United States Constitution provides that "Congress shall have the Power . . . To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States . . . ."  As a Congressional enactment, the Bankruptcy Code is "the supreme Law of the Land, . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const. art. VI, cl. 2.  In light of the fact that it is the supreme law of the land, and because Congress, for uniformity purposes, has created a lengthy, complex, and detailed Bankruptcy Code, which includes remedies designed to preclude misuse of the bankruptcy process, the Bankruptcy Code has broad preemptive effect.

Numerous courts have concluded that the preemptive effect of the Bankruptcy Code includes all state law causes of action predicated on violations of a Section 524(a) discharge injunction.  *Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 447-48 (1st Cir. 2000); *In re Johnston*, 362 B.R. at 739; see also *In Re Bassett,* 255 B.R. 747, 759 (B.A.P. 9th Cir. 2000) ("We hold that the federal statutory scheme entailed in the Bankruptcy Code is so pervasive with respect to [§ 524(c)] that Congress intended to occupy the field to the exclusion of state law'), *aff'd in relevant part*, 285 F.3d 882 (9th Cir. 2002); *In re Johnston*, 362 B.R. 730, 736 (Bankr. N.D. W.Va. 2007); *Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38, 46 (E.D. Cal. 2000) ("[W]ithout proof of defendant's violation of the automatic stay and/or discharge injunction provisions, plaintiff's claims would fail.  Accordingly, counts 7 through 10 are preempted by the Bankruptcy Code. . ."), *aff'd on other grounds*, 276 F.3d 502 (9th Cir. 2002).

A particularly instructive decision on the preemptive effect of the Bankruptcy Code is *In re Johnston*. There, the debtor, Michelle Johnston, filed suit against Telecheck Services, Inc. ("Telecheck") after it allegedly sought, on two occasions, to collect on a bad check debt discharged in Ms. Johnston's Chapter 7 bankruptcy case. 362 B.R. at 732-33. Ms. Johnston argued that Telecheck's collection efforts violated the discharge injunction and, therefore, the West Virginia Consumer Credit and Protection Act.[4] After noting that Ms. Johnston's state law claims (like Ms. Lyon's claims here) were predicated on violations of the discharge injunction, the Bankruptcy Court dismissed those claims under the preemption doctrine, explaining:

---

[4] Ms. Johnston argued that Telecheck's violation of the discharge injunction violated the following provisions in the West Virginia Consumer Credit and Protection Act, which, notably, are quite similar to the Iowa Code sections Capital One is alleged to have violated. The West Virginia provisions at issue read, in pertinent part:

> No debt collector shall collect or attempt to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: . . . (c) False accusations made to another person, including any credit reporting agency, that a consumer is willfully refusing to pay a just debt, or the threat to so make false accusations . . . .
> . . .
> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: . . . (d) Any false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding. . . .

The Iowa Code sections allegedly violated in this case provide:

> (1) A debt collector shall not collect or attempt to collect a debt by means of an illegal threat, coercion or attempt to coerce. The conduct described in each of the following paragraphs is an illegal threat, coercion or attempt to coerce within the meaning of this subsection: . . . (f) [a]n action or threat to take an action prohibited by this chapter or any other law.
>
> (4) A debt collector shall not use a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning debtors. The following conduct is fraudulent, deceptive, or misleading within the meaning of this subsection: . . . (e) [a]n intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

Iowa Code §§ 537.7103(1)(f) and 537.7103(4)(e).

> As applied in this adversary proceeding, [Ms. Johnston's] State law causes of action for a violation of the discharge injunction are preempted by the Bankruptcy Code. The discharge injunction of § 524 prohibits Telecheck from attempting to collect on a debt discharged in a bankruptcy proceeding. Sections 46A-2-124(c) and 46A-2-127(d) of the West Virginia Code similarly prohibit a debt collector from attempting to collect a debt that has been discharged in bankruptcy. Indeed, without a determination that Telecheck violated the discharge injunction, neither § 46A-2-124(c) nor § 46A-2-127(d) would provide any remedy for [Ms. Johnston]. Just as in the court's discussion on whether the remedy provided by the Bankruptcy Code for violation of the automatic stay preempts State law causes of action based on the same alleged wrong, *Congress likewise has the exclusive right under the Constitution to establish uniform bankruptcy laws, and precluding various, non-uniform State law causes of action based on the alleged wrong furthers the Congressional purpose of uniformity, and recognizes Congressional exclusivity in the field of bankruptcies. Moreover, considering that § 524 does not accord the Debtor with a private right of action for a violation of the discharge injunction, it would be improper for the court to recognize one based on state law.*

362 B.R. at 739 (emphasis added).

Here, just like in *In re Johnston*, Capital One is accused of violating a state consumer protection statute based on an alleged violation of the discharge injunction in § 524 of the Bankruptcy Code. Complaint ¶¶ 3-4. Indeed, absent Ms. Lyon's claim that it violated that injunction, Capital One is not alleged to have done anything wrong. *See id.* As such, Ms. Lyon's state law claims are preempted.

**2. Capital One is entitled to judgment because there is no private right of action under 11 U.S.C. § 524.**

Ms. Lyon's claims hinge on her assertion that Capital One, by reporting her debt as "past due," violated the discharge injunction in the Bankruptcy Code, 11 U.S.C. § 524. Complaint ¶¶ 1-4. There is no private right of action under § 524, however. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507-10 (9th Cir. 2002) (Section 524 does not impliedly create a private right of action); *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) (a contempt

action in the bankruptcy court that issued the discharge is the only relief available to remedy alleged § 524 violations); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-423 (6th Cir. 2000) (analyzing the legislative history of § 524, contrasting § 524 with Congress' choice in § 362(h) to create private causes of action for violations of bankruptcy stays, and concluding § 524 does not impliedly create a private right of action); *Hardy v. United States*, 97 F.3d 1384, 1389 (11th Cir. 1996) (Section 524 does not authorize monetary relief); *see also Joubert v. ABN AMRO Mortgage Group, Inc.*, 411 F.3d 452, 457 (3d Cir. 2005) (considering analogous § 524 case law in debtor's § 506(b)-based claim and holding that that debtor's lone remedy is a contempt proceeding pursuant to § 105(a)); *In re Johnston*, 362 B.R. at 737 ("[T]his court does not believe that any private right of action exists for a violation of the Bankruptcy Code's discharge injunction."); *In re Lohmeyer*, 365 B.R. 746, 749 (Bankr. N.D. Ohio 2007) (no statutory private right of action for damages for violation of the discharge injunction unless alleged facts are sufficient to rise to contempt, which requires identifying actual compensable injury to plaintiffs).

Furthermore, the Bankruptcy Code has a procedure and a remedy for violations of the discharge injunction, which include the re-opening of the bankruptcy case in which the discharge was entered, a motion for contempt, and then proof, based on clear and convincing evidence, that the defendant's actual or willful intent to use the alleged conduct to collect a debt *See Mogg v. Midwest Collection Serv. (In re Mogg)*, No. 07-3076, 2007 WL 2608501, at *4 (Bankr. S.D. Ill. Sept. 5, 2007) (citing *In re Consol. Indus. Corp.*, 360 F.3d 712, 716 (7th Cir. 2004)); *see also D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993); *Joubert,* 411 F.3d at 457; *In re Lohmeyer*, 365 B.R. at 749.

Ms. Lyon, of course, has not employed the proper procedures, nor has she sought the appropriate remedy for an alleged discharge injunction violation. Her refusal to follow the proper procedure for adjudicating an alleged stay violation should result in a judgment for Capital One, and this is especially true when, as discussed below, the conduct at issue does not rise to the level of a violation of the discharge injunction.

**3.  Reporting discharged debt as "past due" is not erroneous or inaccurate and is not a violation of the discharge injunction.**

Ms. Lyon claims that Capital One violated the discharge injunction and therefore the Iowa Consumer Protection Act when it allegedly reported her discharged debt as "past due." Complaint ¶¶ 1-4. Thus, if Capital One did not violate the discharge injunction, Ms. Lyon's state law claims fail as well.

A bankruptcy discharge does not extinguish the debt as a matter of law, only the creditor's right to collect the debt and the debtor's legal obligation to repay it. *See In re Mahoney*, 368 B.R. 579, 590 (Bankr. W.D. Tex. 2007)*; In re Irby*, 337 B.R. 293, 295-96 (Bankr. N.D. Ohio 2005); *In re Vogt,* 257 B.R. 65, 70 (Bankr. D. Colo. 2000); *In re Bruno*, 356 B.R. 89, 93 (Bankr. W.D. N.Y. 2006). Ms. Lyon does not dispute that the debt at issue here was valid on August 28, 2007, the date the Bankruptcy Court entered its discharge order. Moreover, her Complaint, other than alleging that her debt was reported as "past due," is devoid of any allegation that Capital One attempted to collect on that debt after discharge. This is significant because "the mere reporting to a credit bureau of the existence of a debt, *even one that is discharged*, does not violate the discharge injunction absent other overt acts taken in an effort to collect a debt." *Davis v. Farm Bureau Bank*, 2008 WL 1924247 (W.D. Tex. 2008) (citing *In re Mahoney*, 368 B.R. 579, 584-90 (Bankr. W.D. Tex. 2007)) (emphasis added); *see also In re*

*Mogg*, 2007 WL 2608501 (Bankr. S.D. Ill. 2007) (reporting bad debt as charged off and that account was closed was accurate information even though account discharged); *In re Vogt*, 257 B.R. 65 (Bankr. D. Colo. 2000) (reporting debt alone is not an act to collect in violation of the discharge and discharge alone does not warrant correction of accurate information in a credit report); *In re Bruno,* 356 B.R. 89, 93 (Bankr. W.D.N.Y. 2006) (granting motion to dismiss because failure to update a credit report that delinquent account became discharged is not a violation of the discharge injunction).

When a claim is predicated solely on an alleged discharge injunction violation through credit reporting, the claim should be dismissed.  As one court has held:

> If a debtor who has been discharged in bankruptcy wishes to avoid what the debtor asserts has occurred in this case [alleged failure to update credit report post-discharge], the attorneys for bankruptcy debtors should be advising their clients, after the issuance of the bankruptcy discharge, to obtain a copy of their credit report or reports and follow the established process under those other Acts [Fair Credit Reporting Act] for updating the record, if they wish to do so.

*Bruno*, 356 B.R. at 92.  The Complaint is devoid of any indication that Ms. Lyon ever undertook the requisite procedures under the Fair Credit Reporting Act or any other statute to challenge the alleged inaccurate reporting.  Instead, and despite ample law to the contrary, Ms. Lyon summarily declared the act to be a discharge injunction violation.

As of the date her bankruptcy was discharged, and still today, the debt is past due and a discharged debt reported as "past due" is wholly accurate as a matter of law.  Further, and as is repeated in the holdings above, the mere act of reporting a discharged debt is not a violation of the discharge injunction.  As that violation is the predicate basis for Ms. Lyon's claim, and

because she fails to make any other allegations of collection attempts, Capital One is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 12(c).

## CONCLUSION

For the reasons set forth above, judgment for Capital One on the pleadings is appropriate.

Respectfully submitted,

By:  /s/ James R. Wainwright
James R. Wainwright (AT0008236)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone:  515/243-7611
Facsimile 515/243-2149
E-mail:  jwainwright@ahlerslaw.com

**ATTORNEYS FOR DEFENDANT
CAPITAL ONE BANK (USA), N.A.**

Original filed.
Copy to:

Jonathan A. Coy
Thornton & Coy Law Office, PLC
218 SE 16th Street, Suite 102
Ames, Iowa 50010
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on July 10, 2008.**

| By | ☐ U.S. Mail | ☐ Fax |
|---|---|---|
|  | ☐ Hand Delivery | ☐ Private Carrier |
|  | x☐ **Electronically** |  |

**Signature      /s/ James R. Wainwright**

JWAINWRI/ 585809.1 /MSWord/22286007